NO. 07-00-0469-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 25, 2001

______________________________

AUTOMOBILE INSURANCE COMPANY OF

HARTFORD, CONNECTICUT, APPELLANT

V.

MYRTLE YOUNG, APPELLEE

_________________________________

FROM THE 237
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-505682; HONORABLE SAM MEDINA, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Automobile Insurance Company of Hartford, Connecticut (Hartford) challenges a summary judgment that Myrtle Young recover $50,000, plus interest and costs.  By seven issues, Hartford contends the trial court erred in granting summary judgment.  Because the summary judgment is interlocutory and unappealable, we must dismiss for want of jurisdiction.

On November 1, 1992, Young, as tenant, and Roger A. Barnes, as landlord, executed an agreement entitled “Real Estate Lease/Purchase” for a term of five years,  covering the real estate known as 2619 E. Bates, Lubbock, Texas.  Among other provisions, the agreement provided: 

15.  
Property Insurance
.  Landlord and Tenant shall each be responsible to maintain appropriate insurance for their respective interests in the Premises and property located on the Premises. 

On November 23, 1998, the presiding judge of the 72nd District Court of Lubbock County signed a judgment in a suit to quiet title declaring that Young owned the real estate described in the agreement, free and clear of any and all claims of Roger A. Barnes and his wife, Bridgette Barnes.  The following day the property was destroyed by fire and Young made a demand for payment of the fire loss on Hartford.  However, because Roger A. Barnes and his wife were the designated insureds under the policy, Hartford declined to pay the loss demanded by Young.

Even though Young was not a named insured under the Hartford policy she commenced the underlying action against Hartford, but did not join Roger A. Barnes.  By its first amended original answer and counterclaim for declaratory judgment, Hartford joined Roger A. Barnes and Bridgette Barnes and, among other things, sought a declaratory judgment that on November 24, 1998, the named insureds did not have any insurable interest in the property on the date of the loss, and also sought declaratory relief that Hartford had no obligation to Young, Roger A. Barnes, and Bridgette Barnes under the policy.  Then, by Young’s first amended petition and cross-claim, she joined Roger A. Barnes and Bridgette Barnes claiming that under the lease/purchase agreement they became a constructive trustee of all proceeds of the insurance policy less the balance owing on the agreement.  

After Hartford’s motion for summary judgment was denied, Young filed her motion for summary judgment contending, among other things, that Roger A. Barnes and his wife, Bridgette, the named insureds in the Hartford policy, held rights as constructive trustee for Young.  According to the record, neither Roger A. Barnes nor Bridgette Barnes made any appearance or response.  After considering Young’s motion for summary judgment, the trial court signed a judgment that Young recover $50,000 together with pre-judgment interest and post-judgment interest from Hartford.  The judgment also provided:

IT IS FURTHER ORDERED, ADJUDGED and DECREED
 that Plaintiff, MYRTLE YOUNG is entitled to enforce this judgment through abstract, execution, and any other process.

All relief prayed for and not granted herein is DENIED.  

The judgment, however, does not reference the claims of Hartford or Young against Roger A. Barnes and Bridgette Barnes in any respect and the clerk’s record does not indicate  any disposition of the action as to them by non-suit, dismissal, or otherwise.  

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001).  Although the provision that “[a]ll relief prayed for and not granted herein is DENIED” is effective to deny Young’s claim against Roger A. Barnes and Bridgette Barnes, it is otherwise silent as to any disposition of the claims of Hartford against Roger A. Barnes and Bridgette Barnes. 

Because the summary judgment does not dispose of Roger A. Barnes and Bridgette Barnes, it is interlocutory and not subject to appeal.  Therefore, this Court is without power to review it and has jurisdiction only to dismiss the appeal.  Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

Accordingly, the appeal is dismissed for want of jurisdiction. 

Don H. Reavis

    Justice

Do not publish.